## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 00 C 2933 | Date | July 19, 2001 |
| Case Title | Burns & Associates  v  Prestige Products Group | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) Filed motion of [use listing in "MOTION" box above]
(2) Brief in support of motion due _____
(3) Answer brief to motion due _____ Reply to answer brief due _____
(4) Ruling/Hearing on _____ set for _____ at _____
(5) Status hearing [ ] held [ ] continued to [ ] set for [ ] re-set for _____ at _____
(6) Pretrial conf. [ ] held [ ] continued to [ ] set for [ ] re-set for _____ at _____
(7) Trial [ ] Set for [ ] re-set for _____ at _____
(8) [ ] Bench Trial [ ] Jury Trial [ ] Hearing held and continued to _____ at _____
(9) This case is dismissed [ ] without [ ] with prejudice and without costs [ ] by agreement [ ] pursuant to
    [ ] FRCP 4(j) (failure to serve)  [ ] General Rule 21 (want of prosecution)  [ ] FRCP 41(a)(1)  [ ] FRCP 41(a)(2)
(10) [X] [Other docket entry]

Memorandum opinion and order entered. Accordingly, third party defendants Schnur and BLD to dismiss the third party complaint for lack of jurisdiction is granted.

(11) [X] (For further detail see [ ] order on the reverse of  [X] order attached to the original minute order form.)

[X] No notices required, advised in open court.
[ ] No notices required.
[ ] Notices mailed by judge's staff.
[ ] Notified counsel by telephone.
[ ] Docketing to mail notices.
[ ] Mail AO 450 form.
[ ] Copy to judge/magistrate Judge.

courtroom deputy's Initials: GDS

date docketed: JUL 20 2001
docketing dpty. initials:

Date/time received in central Clerk's Office: 01 JUL 19 PM 1:27

mailing dpty. initials:

Document #50

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BURNS & ASSOCIATES, INC., an Illinois corporation,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>PRESTIGE PRODUCTS GROUP, L.L.C., a Michigan corporation,<br><br>    Defendant/Counter-Plaintiff<br>    Third-Party Plaintiff,<br><br>v.<br><br>B.L.D. FUNDING, INC., a New York corporation and DENNIS SCHNUR,<br><br>    Third-Party Defendants. | No. 00 C 2933<br><br>Judge Robert W. Gettleman<br><br>**DOCKETED**<br><br>JUL 2 0 2001 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Burns & Associates, Inc. ("Burns"), an Illinois corporation, has sued defendant Prestige Products Group, L.L.C. ("Prestige"), a Michigan limited liability company, alleging a breach of a sales representative agreement and a violation of the Illinois Sales Representative Act, 820 ILCS 120/1 et. seq., claiming that Burns owes it unpaid sales commissions. Prestige, in turn, has filed a third-party complaint against Prestige member and former assistant manager B.L.D. Funding, Inc. ("BLD") and BLD's principle and former officer of Prestige, Dennis Schnur, alleging that BLD's and Schnur's actions in entering the sales representative agreement was a breach of BLD's operating agreement with Prestige. BLD and Schnur have moved to dismiss the third-party complaint for lack of personal jurisdiction and failure to state a claim. For

50

the reasons set forth below, the court grants the motion to dismiss for lack of personal jurisdiction.

## Facts

Prestige is a Michigan limited liability company engaged in the sale of fragrance products. On January 1, 1998, Prestige entered into a Sales Representative Agreement ("Sales Agreement") with Burns under which Burns was to act as Prestige's sales representative in Illinois. The Sales Agreement was executed by Schnur as Prestige's president.

BLD is a New York corporation that owns 25% of Prestige. During the period in question, BLD was Prestige's Assistant Manager, with the powers and responsibilities as set forth in Prestige's First Amended and Restated Operating Agreement dated June 25, 1998, ("Operating Agreement"). Schnur is a citizen of New York, a principle of BLD, and a former president of Prestige.

Burns has sued Prestige, alleging that Prestige has paid it a 2% commission on an order that Burns received from Walgreens, rather than a 5% commission as set forth in paragraph 6(A) of the Sales Agreement. Prestige has denied Burns' claim, but it has also filed a third-party complaint against BLD and Schnur, alleging that they violated the Operating Agreement by agreeing to give Burns a 5% commission and by misrepresenting the terms of the Sales Agreement to Prestige employees, resulting in a breach of their fiduciary duty to Prestige.

## Discussion

BLD and Schnur have moved to dismiss the third-party complaint for lack of personal jurisdiction. Schnur has submitted an affidavit in support of that motion, in which he attests that he lives and works in New York and has no office in Illinois, and that he entered into the Sales

2

Agreement in his capacity as president of Prestige. Any communications or meetings with respect to that agreement were done in his capacity as president of Prestige and not on his own behalf.

On a motion to dismiss, plaintiff bears the burden of establishing a prima facie showing that personal jurisdiction exists. Darovec Marketing Group, Inc. v. Bio-Genics, Inc., 42 F.Supp.2d 810, 818 (N.D. Ill. 1999). The court accepts all well-pleaded facts in the complaint as true, unless controverted by defendant's affidavits, and resolves conflicts between the affidavits in plaintiff's favor. Id.; Turnock v. Cope, 816 F.2d 332, 333 (7th Cir. 1987).

This court has jurisdiction over a non-consenting, non-resident defendant in a diversity action only if an Illinois state court would have jurisdiction. Id. An Illinois state court has jurisdiction if jurisdiction comports with both the Illinois and United States Constitutions. Id. (citing RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1273 (7th Cir. 1999).[1]

The Illinois Supreme Court has supplied little guidance as to how state due process differs from federal due process in the personal jurisdiction context. It has explained, however, that "jurisdiction is to be asserted only when it is fair, just, and reasonable to require a non-resident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." Rollins v. Ellwood, 141 Ill.2d 244, 275 (1990). Schnur and BLD argue that it would violate Illinois due process to require them to defend an action in Illinois based solely on their activities taken as

---

[1] Jurisdiction must also comport with the Illinois long-arm statute. That statute, however, grants jurisdiction on any basis now or hereinafter permitted by the Illinois Constitution and the Constitution of the United States, collapsing the three inquiries into two constitutional inquiries, one state and one federal. RAR, 107 F.3d at 1276.

3

agents of Prestige and solely in furtherance of Prestige's interests. Specifically, they argue that the "fiduciary shield" doctrine prevents this court from exercising jurisdiction over them.

The fiduciary shield doctrine prevents the exercise of personal jurisdiction over an individual whose "presence and activity in the state in which the suit is brought were solely on behalf of his employer or principal." Rice v. Nova Biomedical Corp., 38 F.3d 909, 912 (7th Cir. 1994). The Illinois Supreme Court first adopted the fiduciary shield doctrine in Rollins, in which a Baltimore police officer (Ellwood) entered Illinois to assume custody over an alleged Maryland fugitive captured in Illinois. The captured person, Rollins, was not the real fugitive, however, and the mistaken identification was not discovered until after Rollins had spent several weeks in jail and Ellwood had assumed custody. After his release, Rollins brought suit in Illinois against the Ellwood and the City of Baltimore. The Illinois Supreme Court held that the fiduciary shield doctrine protected Ellwood from the jurisdiction of the Illinois courts, stating (141 Ill. 2d at 279-80):

> We find that it is not fair, just, and reasonable for the Illinois courts to assert personal jurisdiction over one in Ellwood's situation. Ellwood entered into Illinois, and while in Illinois engaged in conduct giving rise to the present cause of action, solely in his capacity as a police officer acting for the Baltimore police department and the State of Maryland. The nature and quality of his actions in Illinois were characterized by his status as a police officer employed by these entities. Because Ellwood's conduct in Illinois was a product of, and was motivated by, his employment situation and not his personal interest, we conclude that it would be unfair to use this conduct to assert personal jurisdiction over him as an individual.

Prestige argues that Rollins is inapplicable because later cases have identified two limitations to the shield. First, Prestige argues that the shield is removed if the individual's personal interests motivate his actions. See Rice, 38 F.3d at 912. Prestige argues that because

4

Schnur is a principle of BLD and BLD owns 25% of Prestige, any actions taken by BLD or Schnur on behalf of Prestige were also on behalf of BLD and Schnur. The court rejects this argument for two reasons. First, it is not alleged that BLD took any action in the instant matter, particularly any action in Illinois. BLD did not sign the Sales Agreement and there is no indication that anyone acting for BLD was involved in the negotiation of the Sales Agreement. Second, Schnur, acting as president of Prestige, apparently negotiated the agreement, but he signed as president of Prestige and has submitted an affidavit that he was acting solely for Prestige. Prestige has submitted nothing to counter that affidavit. Thus, there are no facts to suggest that Schnur was acting in any way on his own behalf.

Next, Prestige argues that the shield does not apply when the individual's actions are discretionary. See Brujis v. Shaw, 876 F.Supp. 975, 978 (N.D. Ill. 1995). Brujis does not hold, however, that the shield never applies to discretionary actions, only that personal gain, discretionary actions, and ownership of most of a corporation's stock are all significant factors to consider in determining whether to exercise jurisdiction, but that no single factor is determinative. "Rather, the test is whether, on the basis of the defendant's conduct in Illinois, or acts affecting Illinois interests, it would be fair to require him to defend an action in Illinois." Id. at 980.

In the instant case, the court concludes that it does not have personal jurisdiction over BLD and Schnur. First, and foremost, even absent the fiduciary shield doctrine, Prestige has alleged no facts to show that either BLD or Schnur has taken any action in Illinois. Neither the complaint nor the third-party complaint makes any factual allegations as to where the Sales Agreement was negotiated or executed. For example, neither the complaint nor the third-party

complaint alleges that Schnur entered Illinois to execute or negotiate the Sales Agreement, nor even that during the course of negotiations Schnur placed any telephone calls into Illinois.

Therefore, the only possible basis for personal jurisdiction is the fact that Prestige is transacting business in Illinois pursuant to the Sales Agreement executed by Schnur acting as president. Prestige's claim against Schnur and BLD, however, is for breach of the Operating Agreement, not the Sales Agreement. The Operating Agreement is wholly unrelated to the State of Illinois. Indeed, with respect to Prestige's claim, there is no Illinois party and no alleged activity by either defendant in Illinois. Absent Burns' suit against Prestige, the third-party complaint has no connection whatever with Illinois. Absent the pendency of Burns' lawsuit, the only basis for jurisdiction against Schnur would be that he executed the Sales Agreement, which gives rise to Burns' suit, which then gives rise to Prestige's suit. Under these circumstances, the court concludes that it would be unfair to force BLD and Schnur to defend the third-party complaint in Illinois, and that the fiduciary shield doctrine prevents the exercise of such jurisdiction. Accordingly, the motion to dismiss the complaint for lack of personal jurisdiction is granted. Because the court does not have personal jurisdiction over any of the counts alleged, the entire third-party complaint is dismissed.

## Conclusion

For the reasons set forth above third-party defendant Schnur's and BLD's motions to dismiss the third-party complaint for lack of jurisdiction is granted.

**ENTER:** July 19, 2001

Robert W. Gettleman
United States District Judge